# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN STEVEN KIDD, #43108-074, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 19-cv-01008-NJR ) |
| B. TRUE, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Shaun Steven Kidd, an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of his conviction in *United States v. Kidd,* 12-cr-00023-CLC-CCS-1 (E.D. Tenn. 2012)("Criminal Case"). Kidd asserts that because of numerous violations during his criminal proceedings, he is entitled to immediate release from custody. (Doc. 1, p. 8).

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

### BACKGROUND

In 2011, while serving a state sentence and with a federal sentence pending, "Kidd pled guilty to one count conspiracy to commit forgery of the signature of a United States District Judge

and one count of forgery of the signature of a United States District Judge." *United States v. Kidd,* No. 12-6296 (6th Cir., Sept. 11, 2013)(affirming the district court's judgment); *see also* Criminal Case, Docs. 14 and 17. The district court sentenced him to 108 months' imprisonment, which was above the United States Sentencing Guidelines' range of forty-one to fifty-one months, but within the statutory maximum of 120 months. *Id.*; *see also* Criminal Case, Doc. 40, p. 5; Doc. 150, p. 10 ("he could have received a sentence of imprisonment of up to five years on each count"); 18 U.S.C. § 371; 18 U.S.C. 505. Kidd filed an appeal arguing that his sentence was procedurally and substantively unreasonable. *Id.* The Sixth Circuit Court of Appeals affirmed Kidd's sentence. *United States v. Kidd,* No. 12-6296 (6th Cir., Sept. 11, 2013), *cert. denied* (Apr. 7, 2014).

Kidd then proceeded filed several *pro se* motions and petitions challenging his conviction. He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 arguing ineffective assistance of counsel during plea negotiations, at his change of plea hearing, and at sentencing. Criminal Case, Doc. 71. The district court found that Kidd had failed to show that counsel was ineffective or that he was prejudiced by counsel's actions, and the motion was denied. Criminal Case, Doc. 150. Kidd challenged the district court's ruling by filing a notice of appeal and a petition for a writ of mandamus. The Sixth Circuit Court of Appeals denied the petition and application for a certificate of appealability. Criminal Case, Docs. 166 and 170. He continued to file numerous frivolous motions, letters, and notices in his criminal case. *Id.,* Doc. 183. As a result, the district court ordered that it would no longer "accept for filing any frivolous motions, notices, affidavits, documents, or papers of any kind tendered or presented" by Kidd, and that all documents would be reviewed by the court prior to filing. *Id.,* Doc. 183, p. 3. Finally, he filed an emergency petition for a writ of mandamus requesting the Sixth Circuit Court of Appeals to modify his sentence, and again, his petition was dismissed. *Id.,* Docs. 181 and 185.

**DISCUSSION**

In the Petition, Kidd claims his "actual innocence" and argues that during his criminal proceedings: (1) prosecutorial misconduct occurred in that a criminal complaint was not filed amounting to prosecutorial misconduct and fraud; (2) he was sentence above the statutory maximum; and (3) he received erroneous advice from counsel regarding his plea deal. (Doc. 1, pp.6-8). Because of these occurrences, his due process and equal protection rights have been violated. (*Id.* at p. 6).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In order to trigger the savings clause, a petitioner must meet three conditions: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir.

2012). The Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels,* 784 F.3d 1123, 1136 (7th Cir. 2015).

Kidd satisfies none of these requirements. He does not rely on a new statutory interpretation, but states he has found newly discovered evidence based on a review of his case record. (Doc. 1, pp. 6-7). Newly discovered evidence, however, is grounds for filing a successive motion pursuant to Section 2255, not Section 2241. *See* 28 U.S.C. § 2255(h)(1). He also fails to explain how a Section 2255 proceeding would be "inadequate and ineffective," and in fact brings similar claims that he has already raised on appeal and in his previous Section 2255 motion. Because a lack of success and limitation on filing successive motions does not render a Section 2255 motion an inadequate remedy, Section 2241 is not the proper vehicle for review of Kidd's conviction and sentence, and the Petition will be dismissed with prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED** with prejudice.

If Kidd wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Kidd plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Kidd will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*,

547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Kidd to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 25, 2019**

_____  
**NANCY J. ROSENSTENGEL**  
**Chief U.S. District Judge**